## WIGGINS v BABBITT et

Ohio Appeals, 2nd Dist, Franklin Co

No 2506. Decided April 4, 1935

Harry Kohn, Columbus, and Irvin Wolf, or plaintiff in error.

Donald J. Hoskins, Prosecuting Attorney, Columbus, and Eugene Carlin, Asst. Pros. Atty., Columbus, for defendant in error Babbitt.

J. M. Hengst, Columbus, for defendant in error, The Fidelity and Deposit Co. of Maryland.

## OPINION

By HORNBECK, J.

The petition in error sets up six grounds. The briefs of the parties are confined in the main to a discussion of the validity and constitutionality of the statute, §3482, GC, and the proceedings thereunder.

It is urged by counsel for plaintiff that the procedings were void because the plaintiff was given no notice nor summons of any hearing in Probate Court upon the complaint of defendant Babbitt before issuance of the warrant to Babbitt as superintendent; that an opportunity to be heard is a sine qua non of jurisdiction in the absence of which any judgment against the plaintiff would be vitiated and, finally, that the court erred in the general charge in assuming that any validity should attach to the proceedings before the Probate Court, the issuance of the warrant thereon to transport plaintiff to Guernsey County because of failure of the court to observe the code of civil procedure requiring summons and service upon any action instituted in any court. Although the other grounds of error are not specifically discussed in the briefs, they are saved in the petition in error. We have the bill of exceptions, which is very meager.

As we interpret the claim of plaintiff it is that unless the proceedings under the code, §3482 GC, recognize the provisions of the civil code requiring the issuance of process on a party any order made in said proceedings is void; that a denial of notice of the proceedings or summons upon a party before judgment is a denial of due process of law.

The sections of the code involved are

§§3481 and 3482, GC. §3481 GC in part provides:

"When complaint is made to the township trustees or to the proper officers of the municipal corporation that a person therein requires public relief or support, one or more of such officers, or some other duly authorized person, shall visit the person needing relief, forthwith, to ascertain his name, age, sex, color, nativity, length of residence in the county, previous habits and present condition and in what township and county in this state he is legally settled. The information so ascertained shall be transmitted to the township clerk, or proper officer of the municipal corporation, and recorded on the proper records. No relief or support shall be given to a person without such visitation or investigation, except that within counties, where there is maintained a public charity organization * * * which investigates and keeps a record of facts relating to persons who receive or apply for relief, the infirmary superintendents, township trustees or officers of a city shall accept such investigation and information and may grant relief upon the approval and recommendation of such organization."

Sec 3482 GC provides:
"When it has been so ascertained that a person requiring relief has a legal settlement in some other county of the state, such trustees or officers shall immediately notify the infirmary superintendent of the county in which the person is found, who, if his health permits, shall immediately remove the person to the infirmary of the county of his legal settlement. If such person refuses to be removed, on the complaint being made by the infirmary superintendent, the probate judge of the county in which the person is found shall issue a warrant for such removal, and the county wherein the legal settlement of the person is, shall pay all expenses of such removal and the necessary charges for relief * * *."

An examination of the pleadings heretofore recited discloses that the petition is grounded upon the breach of duty of the defendant Babbitt in instituting proceedings against plaintiff, securing warrant thereon, and in removing plaintiff to Guernsey County and in removing plaintiff in contravention of the terms of the statute "if his health permits," and with force and violence. There is no averment in the petition that the plaintiff is a resident of Guernsey County, Ohio. There is no claim in the petition that she had resided in Franklin County long enough to receive public relief and support, nor is there any denial that she had made application for relief, nor of any other of the averments of the complaint before the Probate Court.

The answer first brings into the case by averment the question of the settlement of the plaintiff, wherein it is averred that she has a legal settlement in Guernsey County, which is controverted by the reply.

If the burden of proof in this case is as the pleadings would indicate upon the question of residence, inasmuch as it is first averred by the answer of the defendant Babbitt and denied by the reply, it would be incumbent upon the defendant Babbitt to sustain the burden. If this is true, then we scan the bill of exceptions in vain for any proof whatsoever touching the settlement of the plaintiff.

Sec 3482 GC provides that when it has been so ascertained (that is, as provided in §3481 GC) that a person requiring relief has a legal settlement in some other county of the state, then the proceedings may be taken under §3482, GC. All that the bill of exceptions discloses is that there was testimony that defendant Babbitt "had been informed by benevolent relief authorities," without naming them or indicating their location, that they (plaintiff and her family) were legal residents of Guernsey County, Ohio. It is obvious without comment that such testimony did not affirmatively meet the requirements of proof as to the settlement of the plaintiff if that burden was upon the defendant Babbitt. The record is without any affirmative competent probative evidence touching the residence or settlement of the plaintiff.

However, we are of opinion that the burden of proving action by defendant Babbitt, whereby plaintiff suffered damage, was upon the plaintiff. It must be conceded that if the residence of the plaintiff was Guernsey County and not Franklin County, then she could not have been harmed by the action of Babbitt in removing her to Guernsey County, provided he did not use unnecessary force or did not take her when her health did not permit. These latter questions by the general verdict were determined against the plaintiff. There is no question but that on the record plaintiff was a poor person seeking relief.

It was then incumbent upon the plaintiff to carry the burden of showing that she was not a resident of Guernsey County. The record, being silent upon this matter, she fails of any proof which would tend to

disclose that she was prejudiced by the action of defendant Babbitt.

It might be urged in a technical sense that the mere action of the defendant Babbitt by the institution of the proceedings and upon the warrant without notice would require nominal damage. We doubt if this is tenable.

The nature of plaintiff's action is not well defined, whether false imprisonment or malicious prosecution. The trial court seemed to treat it as an action for malicious prosecution and charged the jury upon the question of probable cause. Certainly if the action is false arrest, false imprisonment or malicious prosecution it must be grounded upon due process of law. The statute authorizing the filing of the complaint and the issuance of warrant to convey the poor person is not framed upon the theory that such removal is an arrest, else, clearly, specific provision would be made for service of warrant, as provided in the code. If one is a pauper and has made application to the authorities for relief he has then become the subject of public charge and when the law has fixed an obligation to provide for and support the pauper, such obligation has always been enjoined upon the authorities of the political subdivision in which the pauper has a settlement.

The section under consideration provides that if the pauper consents he may be transferred without warrant, but if he refuses then if his health permits, a warrant may issue upon complaint, providing for a transfer to the place of his settlement. Obviously, the place of his settlement should be determined before any effort is made to transfer him against his will. Inasmuch as the section makes no provision whatever for notice to or summons upon the pauper, if such notice be not given or summons be not served under the civil code, action taken in issuing the complaint would not be effective to bind the poor person.

There is a paucity of decision touching the question which counsel have presented in their briefs. We are in grave doubt if the constitutionality of the section is or was intended to be raised by the plaintiff in the trial court. The only specific mention of the question by counsel for plaintiff occurred at the conclusion of the general charge of the court.

The Supreme Court has held many times that if a case can be determined upon any other theory than that of the constitutionality of the statute involved, then no consideration need be given to the constitutional question. Kindred provisions to the one under consideration here are found in other states, in some of which notice to the pauper is provided and in others it is omitted.

One of the oldest cases which we have found is that of The Inhabitants of Shirley v The Inhabitants of Lunenburgh, 11 Mass. page 379, in which it was held that it was error in a proceeding before a justice of the peace * * *, for the removal of a pauper if the pauper be not summoned or present. The action, however, was as the title indicates, between the officials of Lunenburgh and Shirley. The action involved the transfer of one Polly Mills, a pauper, from Lunenburgh to Shirley. The court said at page 381:

"The litigation being between the two towns, and not between the complainants and the pauper, it is evident that the presence of the pauper, at either of the hearings, could be of importance in no other view, than as her testimony might be used by one party or the other. But as her personal liberty was in some measure concerned in the question, a compulsory removal from one town to the other being the possible effect of the process, the legislature has provided that the justice shall summons the pauper and other witnesses," etc.

In the case of Overseers of Gilpin Tp. v Overseers of Park Tp., (Pa.) 11 Atl. 791, the court had under consideration a statute which provided that in actions for the removal of those who are likely to become chargeable upon a town to the place of their legal settlement, it is necessary that notice of the hearing before the magistrate should be given to the person to be removed and that an adjudication be had upon the question; otherwise the proceedings are void. Here, likewise, the statute specifically provided for notice of the hearing to the person to be removed. This was an aggravated case, where the alleged pauper was removed before there was any adjudication that he was a pauper. The court, discussing the alleged pauper's status, said:

"If Williams had been a pauper he would not have been entitled to notice of the proceedings for his removal. The contest in that case would have been between the poor districts in order to determine which of them should be held for the support of one who was a public burden. In that contest he could have no interest. Here, however, the proceeding was against one who

was not a public burden. The complaint against him was that he was likely to become chargeable. He was the party against whom the proceeding was in the first instance directed, and it was his privilege to show that the complaint was unfounded."

In Lovell v Seeback (Minn.) 11 L.R.A., 667, held:

"The Statute authorizing the chairman of the board of county commissioners to order the removal to the county of their legal settlement of poor persons who have applied for public support in another county, and are likely to become chargeable thereon for support, and who, after warning to depart therefrom, are unable or have refused to do so,—Held to be constitutional, and to justify removals where the facts are such as are specified in the Statute.

"It is not decided whether such officers have authority to determine such matters of fact so as to conclude the poor person in respect thereto."

The statute under consideration is much like the one involved in the instant case. The question presented was whether or not the statute was invalid on constitutional grounds, in that it provided for the removal of the poor person to the county of his legal settlement without judicial proceedings and without notice to such person of the contemplated removal and without opportunity to be heard in regard thereto.

The court says at page 669:

"Would this be an interference with the right of personal liberty 'without due process of law?' We shall confine our decision strictly to the case here presented, which, as it will be observed, does not involve an inquiry as to the power of the county commissioners, by their ex parte proceedings, to conclude the person removed in regard to any fact upon which the order of removal may be based. We do not decide whether under this Statute the county commissioners have any power to finally determine any such questions. Though it be conceded that they have not, it would not follow that the statute may not be sustained in its application to a case where the facts are shown or admitted to be such as are specified in the law as reasons justifying removal. Many illustrations may be given of cases, where the law, either common or statute, justifies an act or course of conduct by a private person or a public officer under particular circumstances, which would be illegal except under such circumstances. In such cases the person or

officer must accept whatever risk there may be of being held responsible if the facts should not prove to be such as to legally justify his conduct." Citing Weimer v Bunbury, 30 Mich., 201, in which it is said:

"If there existed, before that instrument (the Constitution) was adopted, well-known administrative proceedings which, having their origin in a legislative conviction of their necessity, had been sanctioned by long and general acceptance, we are no more at liberty to infer an intent in the people to prohibit them by implication from any general language, than we should be to infer an intent to abridge the judicial authority by the use of similar words. Nothing previously in use, regarded as necessary in government and sanctioned by usage, can be looked upon as condemned by it. Administrative process of the customary sort is as much due process of law as judicial process. A day in court is a matter of right in judicial proceedings, but administrative proceedings rest upon different principles. The party affected by them may always test their validity by a suit instituted for that purpose, and this is supposed to give him ample protection."

This, it may be observed, is pertinent to our query, because from time immemorial it has been the law that poor persons who have become public charges could be removed from the place where they temporarily reside to their settlement without any action to which they were parties.

The cited case is authority for the validity of the statute in the instant case and the proceedings had thereunder. The plaintiff, having, upon the undisputed facts, become a public charge, it was the obligation and the right of the public authorities, having jurisdiction over such poor person, to see that she was placed within the institution provided for her in the place of her settlement. This is the purpose of the statute.

Upon this record there is no dispute of the claim that the plaintiff was a poor person who had made application to the proper authorities for relief. She was, therefore, under the law a public charge and by law it was incumbent upon those in charge of relief in the political subdivision in which she had a settlement to provide for and support her. Plaintiff, having called upon the public authorities for relief, had subjected herself to the jurisdiction of the authorities of her settlement.

The procedure provided by the statute, unless the civil code providing for service of process was read into it, does not con-

template that the plaintiff be made a party, served with summons or given notice of the hearing. Proceedings had under the statute, of course, do not bind the plaintiff, inasmuch as she has no legal notice thereof. In so far as her perosnal liberty is infringed by an order of court in a proceedings under the statute for her removal, she has the right by any appropriate action to question the order. This she has undertaken to do by the instant action. Upon the record, however, there is but one issue drawn which, if determined favorably to the plaintiff, would entitle her to nominal damages at least, namely, her residence and that it was not in Guernsey County. All other controverted questions were properly determined against the plaintiff by the verdict of the jury and the judgment thereon. Upon this record it does not affirmatively appear that plaintiff was not at the time at which she was transferred to Guernsey County a resident thereof. In the absence of such a showing we fail to find that plaintiff has been damaged.

The evidence will support the determination that defendant Babbitt, in filing the complaint in Probate Court, acted in good faith and, on the question of the residence of the plaintiff, acted upon information which he had a right to believe was reliable. If it was incumbent upon him to establish by competent, probative evidence the residence of plaintiff to have been in Guernsey County, he failed. There is no showing that plaintiff was a resident of Guernsey County, nor is there any sufficient showing that she was a resident of Franklin County at any time, so that a presumption would arise that her residence continued to be in Franklin County and was there at the time of the proceedings in Probate Court.

The plaintiff, having elected to pursue her remedy in the form of damages against the defendants, it was incumbent upon her to show that she had been injured. The only damage which she could have suffered would have been that she had been removed to a county other than that of her residence. Upon this question the burden was upon her. As it has not been met she is not prejudiced by the judgment of the trial court. It will, therefore, be affirmed.

KUNKLE, PJ, and BARNES, J, concur.